## Rohr *against* Kindt.

A covenant to make a *clear deed*, when the title is equally well known by the vendor and the vendee, is performed by the delivery of a deed conveying such title as the vendor hath, although it may be but a life estate; for he who purchases a tract of land, knowing the title to be defective, takes the risk upon himself.

If the consideration of a covenant to convey land be the performance of an act by the vendee, and it be done, the measure of damages for the non-performance of the vendor is the value of the land; but if before the act be done by the vendee, the vendor give notice, *bonâ fide*, of his inability to perform and his determination to rescind the contract, and the vendee afterwards performs the act which he stipulated to do, then the measure of damages is not the value of the land, but the amount of injury sustained under all the circumstances.

If a vendor covenant to convey land in fee, in which he has only a life estate, the vendee may elect to take the conveyance in satisfaction of the covenant. The vendor cannot refuse to convey what estate he has, because he cannot convey it as fully as he covenanted to do.

ERROR to the Common Pleas of *Columbia* county.

Nicholas Kindt against Nancy Rohr. This was an action of covenant founded upon the following agreement:

" Article of agreement, indented, made and concluded this 10th day of January 1840, between Nancy Rohr of the one part, and Nicholas Kindt of the other part, witnesseth, that the said Nancy Rohr doth, for the consideration hereinafter mentioned,

[Rohr v. Kindt.]

agree to make a clear deed for 10 acres of land, lying on Water street, thence south along Stiles's lot and others far enough to take it in, the timber excepted on all except one acre, which acre is to join the lot of Evan Jones and others, being on the west side of the woods. The timber excepted to be taken off on or before the 1st of April 1842, for which the said Nicholas Kindt agrees to withdraw a suit or *cavias* entered in court against the proving the last will and testament of Frederick Rohr, deceased. Each party to the above agreement to pay their own costs. As witness our hands and seals," &c.

After reading the agreement, the plaintiff proved that he had withdrawn the *caveat* to the will of Frederick Rohr, deceased, and that the land which the defendant covenanted to convey to him was of the value of $300.

The defendant then offered in evidence the will of Frederick Rohr, deceased, by which it appeared that the 10 acres of land mentioned in the agreement was devised to the defendant for life and not in fee; to be followed by evidence that after the agreement was entered into, and before the *caveat* was withdrawn by the plaintiff, she gave him notice of her inability to perform her contract, because of the want of title, and that she would consider it as rescinded, and he might prepare for the trial of the issue of *devisavit vel non*, which had been directed to try the validity of the will.

The court was of opinion that the evidence, if given, afforded no defence, and therefore rejected it, and sealed an exception, and verdict and judgment were rendered for the plaintiff for $300.

*Montgomery* and *Greenough*, for plaintiff in error, argued that the measure of the damages must depend upon the circumstances of the case, and not the value of the land. 4 *Am. Com. L.* 95; 2 *Wend.* 399; 11 *Serg. & Rawle* 112; *Sug. Ven.* 174; 1 *Sto. Eq.* 156; 2 *Watts* 148; 8 *Watts* 497.

*Frick* and *Bellas, contra.* A contract to convey what the vendor supposes he has a right to, is binding. *Newl. on Con.* 78; 3 *Serg. & Rawle* 331; 2 *Penn. Rep.* 211. The proper measure of damages is the value of the land which the vendor refuses to convey. 6 *Wheat.* 109; 3 *Wheat.* 200; 2 *Penn. Rep.* 238. And such mistakes will not be corrected. 1 *Mad. Chan.* 74; 1 *Sto. Eq.* 143, sec. 129; 2 *Watts* 104; *Atk. on Titles* 285, 645, 20 *Law Lib.* 285, note.

The opinion of the Court was delivered by

ROGERS, J.—This is an action of covenant, for refusing to convey, according to contract, a lot of ground containing 10 acres. The plaintiff gave the agreement in evidence, and then, as the measure of the damages, proved the value of the land, which was

[Rohr v. Kindt.]

estimated by the witnesses to be worth from $25 to $30 per acre. The jury rendered a verdict for $300, valuing it at the highest estimate put upon it by the witnesses. And in this they are supported by the court, who appear to have been of the opinion that the value of the land was the only measure of damages. And this is the fair inference arising as well from the exclusion of the evidence offered, as from the charge. Frederick Rohr made his last will and testament, and among other things, devised to his widow an estate for her life in the lot in question. The plaintiff, who was the nephew of the testator, entered a *caveat* against the probate of the will; an issue of *devisavit vel non* was directed, and the cause marked for trial in the Common Pleas. The parties then entered into the agreement dated 10th of January 1840, on which suit is brought. The defendant agrees to make a clear deed to the plaintiff for the 10 acres, (describing it,) in consideration of which the plaintiff agrees to withdraw the *caveat*. Immediately after, viz. on the 11th and 13th, and at divers times afterwards, the defendant gave notice to the plaintiff that she was unable to convey a good title to the land in dispute, and that she would not abide by the agreement, which, as she alleges, she was induced to sign by management and fraud. These facts the defendant offered to prove, which the court refused to permit, on the supposition, doubtless, that if proved, they would not alter the case, but that the plaintiff, notwithstanding, was entitled to recover the fee simple value of the land.

To test the correctness of this opinion, it is necessary to ascertain the respective rights of the parties under the contract, and what estate the plaintiff had a right to require at the hands of the defendant. The court supposed a conveyance of the tract in question in fee simple. But is this so? The defendant bound herself to give the plaintiff a *clear deed* for the 10 acres which she held under the will. What was the meaning of the parties to the contract? Did it enter into the mind of either that she was to convey more than she had? If she was entitled to a life estate, could they have supposed she was notwithstanding to convey a fee? This cannot be maintained with any appearance of reason. The agreement is made in reference to the will, and the title conveyed by it was equally known and accessible to both. The vendee had full notice; bought with his eyes open, and knowing that her title was a life estate only, he cannot in equity and good conscience claim more. He who purchases a tract of land, knowing the title to be defective, takes the risk upon himself: *Alexander* v. *Kerr*, (2 *Rawle* 90); *Walker* v. *Quigg*, (6 *Watts* 90). If, then, we adopt the rule that the value of the land is the true measure of damages, it is plain that great injustice has been done, for we cannot avoid seeing that the recovery was had on the basis that the plaintiff was entitled to a conveyance in fee, when the most that can be claimed from her on this contract is an estate for the life of the

[Rohr v. Kindt.]

defendant. It is in vain to say that this is the error of the jury, for it has been caused by the erroneous principles which were applied to the case on the trial. But is the value of the land the measure of damages? and this may depend on circumstances. Thus, if the contract had been performed before the offer to rescind, as, for example, where A, in consideration that B will perform certain services of an uncertain value, agrees to give him a horse, or a tract of land, particularly named and specified; B performs his part of the contract, and then A refuses to deliver the horse or convey the land. The measure of damages is the value of the horse or land, as the case may be, because that is the stipulated reward of the services of B, whatever may be the intrinsic value, whether more or less. It is the contract, and of course is binding on both. But the case would be materially different if before the contract was performed by B, or anything done in respect to it, A gives him notice, *bonâ fide*, that he is unable to perform his part of the contract, because he had not, as he supposed when he made the agreement, a title to the article of property he agreed to convey. The damages, I apprehend, would not be the value of the property, but the injury, if any, which had been sustained by not going into the contract, and this would be for the jury to estimate under all the circumstances. The defendant, at the earliest day, gave the plaintiff notice that she considered the contract invalid, and that she had no title to the property, and offered to rescind it. It will be for the jury, considering all the circumstances, to say what injury the plaintiff has sustained; whether there was any unfairness or misapprehension, or material mistake; whether her contract has been *bonâ fide*, and whether she refuses to perform the contract from caprice, or other unjustifiable motive. But it is said that the plaintiff may insist on having such an estate as she has, that she cannot say she will give nothing, because she is unable to give all she has contracted to give. And this is true; for as was said by Lord Eldon in *Wood* v. *Griffith*, (1 *Swanst.* 54), if a person possessed of a term of 1000 years, contracts to sell the fee, he cannot compel the purchaser to take, but the purchaser can compel him to convey the term. And to the same purport are the cases of *Mortlock* v. *Buller*, (10 *Vez.* 315); *Western* v. *Russell*, (3 *Vez.* & *Bea.* 192). If a man having a partial interest in an estate, chooses to enter into a contract, representing it and agreeing to sell it as his own, it is not competent for him, afterwards, to say that though he has a valuable interest, he has not the entirety, and therefore the purchaser shall not have the benefit of his contract. If the vendee chooses to take as much as he can have, he has a right to that. In the case before us, he cannot have more, because the defect in the extent of the defendant's interest was equally well known to both, and it was upon the basis of her interest, as conveyed by the will, that the contract was made. It does not appear that the defendant offered to convey, or that the plaintiff

[Rohr v. Kindt.]

agreed to accept a conveyance of her interest; but on the trial he demands, and the jury give, the fee simple value of the land.

The evidence was offered in mitigation of damages, and whether this was such a contract as a court of chancery would relieve against on the ground of fraud or a plain mistake, was a point not made on the trial. And as the case now stands, it would be wrong to intimate an opinion, as the attention of the court and jury may be called to the point on another trial.

Judgment reversed, and *venire de novo* awarded.